The Honorable Judy Seriale Smith State Representative P.O. Box 213 Camden, AR 71701-0213
Dear Representative Smith:
This is in response to your request for an opinion concerning a private, nonprofit water association. The specific question posed is whether the water association's regular accountant may lawfully do the books and also conduct the audits of the association.
I assume that your question pertains to a certified public accountant, that is, a licensee under the Public Accounting Act of 1975 ("the Act"), as amended. A.C.A. § 17-12-101 et seq. A review of the Act, and the rules and regulations and rules of conduct prescribed by the Arkansas Board of Public Accountancy ("the Board") pursuant thereto, suggests that the mere fact that the accountant is performing bookkeeping services would not prohibit him from conducting the audits. The inquiry is focused instead upon whether the audit is performed in accordance with generally accepted auditing standards[1] (see Rule 202 of the Rules of Conduct, Rules and Regulations, supra n. 1, at 63), and the other rules and regulations of the Board. Perhaps of particular significance in this situation is the requirement that the licensee remain "independent." Rule 101 of the Rules of Conduct. Id. at 61. Rule 101 states that "independence" will be considered to be impaired if, for example:
 (A) During the period of his professional engagement, or at the time of expressing his opinion, the licensee:
 (1) (a) Had or was committed to acquire any direct or material indirect financial interest in the enterprise; or
 (b) Was a trustee of any trust or executor or administrator of any estate, had or was committed to acquire any direct or material indirect financial interest in the enterprise; or
 (2) Had any joint closely-held business investment with the enterprise or any officer, director or principal stockholder thereof which was material in relation to the net worth of either the licensee or the enterprise; or
 (3) Had any loan to or from the enterprise or any officer, director or principal stockholder thereof other than loans of the following kinds made by a financial institution under normal lending procedures, terms and requirements:
 (a) Loans obtained by the licensee which are not material in relation to the net worth of the borrower; and
 (b) Home mortgages; and
 (c) Other secured loans, except those secured solely by a guarantee of the licensee.
 (B) During the period covered by the financial statements, during the period of the professional engagement, or at the time of expressing an opinion, the licensee:
 (1) Was connected with the enterprise as a promoter, underwriter or voting trustee, a director or officer or in any capacity equivalent to that of a member of management or of an employee; or
 (2) Was a trustee for any pension or profit-sharing trust of the enterprise.
Additional guidance may be found in the American Institute of Certified Public Accountants' Rules of Conduct, and specifically the Interpretations of those Rules. See M. Miller and L. Bailey, Miller Comprehensive GAAS Guide (1991). Interpretation 101-3 states that a member may audit a client and perform other accounting services if:
 (1) none of the relationships with the client impair the member's integrity and objectivity; (2) the client accepts the responsibility for the financial statements as the client's own; (3) the CPA does not function as an employee or part of management; and (4) the audit engagement is conducted in accordance with generally accepted auditing standards.
Id. at 85.10.
It is therefore my opinion that the accountant may lawfully do the books and conduct the audits of the water association if independence is maintained and all other requirements of the Public Accountancy Act of 1975, and the rules and regulations promulated thereunder, are met.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] "Generally accepted auditing standards" are deemed and construed to mean the generally accepted auditing standards adopted by the Board. Rule 1.10, Arkansas State Board of PublicAccountancy, Accounting Law and Rules and Regulations 25 (July 1, 1989). The Board takes into consideration interpretations of Generally Accepted Auditing Standards as issued by the American Institute of Certified Public Accountants and other pronouncements having similar generally recognized authority.Id.